# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1856 | **DATE** | July 9, 2012 |
| **CASE TITLE** | Just vs. Astrue | | |

**DOCKET ENTRY TEXT**

The Court grants Just's motion (Doc [38]) for attorney's fees and costs pursuant to the EAJA in the amount of $10,262.63. This amount, after any applicable offset, is to be made payable to Just's counsel.

■[ For further details see text below.]  Docketing to mail notices.

## ORDER

This matter comes before the Court on Petitioner Theresa Just's ("Just") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a), (d). For the reasons set forth below, the Court awards Just fees in the amount of $10,262.63.

On March 17, 20011, Just filed the instant action seeking judicial review of the Commissioner of the Social Security Administration's (the "Commissioner") denial of her application for benefits. On February 1, 2012, this Court issued a Memorandum Opinion reversing and remanding the Commissioner's decision, having found that it was not supported by substantial evidence. *See Just v. Astrue*, No. 11 C 1856, 2012 WL 366929 (N.D. Ill. Feb. 1, 2012). Just now seeks $10,694.63 in attorney's fees for the legal expenses that she incurred in the judicial review process.

A district court may award reasonable attorney's fees under the EAJA if: (1) the claimant is a prevailing party; (2) the government was not substantially justified in its position; (3) no special circumstances make an award unjust; and (4) the fee application is timely and supported by an itemized statement." 28 U.S.C. §§ 2412(d)(1)(A)-(B); *United States v. Pecore*, 664 F.3d 1125, 1131 (7th Cir. 2011) (internal quotations and citation omitted). The burden is on a claimant to establish that the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Commissioner does not contend that Just is not entitled to attorney's fees. Rather, the Commissioner only challenges the reasonableness of the requested fees. Just seeks to recover $10,694.63 in fees, broken down as follows: $10,512.00 in attorney's fees, $152.00 in legal assistant's fees, and $30.63 in costs. Just's attorney's fees are based on 57.6 hours of work at $182.50 per hour. The government maintains that this hourly rate is excessive and that Just is entitled to no more than $125 per hour in attorney's fees.

The EAJA prescribes a maximum rate of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute permits a court to award higher rates when "an increase in the cost of living, or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Floriou v. Gonzalez*, 498 F.3d 746, 749 (7th Cir. 2007) (citing 28 U.S.C. § 2412(d)(2)(A)(ii)). Just maintains that she is entitled to a cost of living adjustment to the maximum rate under the EAJA.

To establish a cost of living enhancement, a claimant "must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). In other words, a claimant must show that "without a cost of living increase . . . , a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at 565.

The Commissioner contends that Just has failed to establish that no lawyer in the Chicago metropolitan area would handle Just's case without the proposed cost of living increase. The Court does not read the holding in *Mathews-Sheets* so narrowly. As Just aptly points out, the Commissioner's interpretation would impose an unrealistic onus on claimants, as they would be required to prove that absolutely no attorney in a given geographical areas would represent a claimant at $125 per hour. This could not be what the Seventh Circuit intended. Rather, it is more likely that *Mathews-Sheets* only requires that a claimant present evidence showing a general increase in attorney's fees in the relevant geographical area due to inflation, such that the legal market could not sustain an hourly rate of $125. Just has provided several affidavits from regional attorneys stating that they could not accept social security cases without a cost of living adjustment to the EAJA. Moreover, the Commissioner has not presented any evidence to rebut Just's affidavits.

Additionally, Just has provided evidence that inflation has affected the cost of providing legal services to those seeking relief from an adverse governmental decision. For example, Just has attached affidavits from several attorneys indicating that salaries and overhead have increased significantly since 1996. Additionally, Just's attorney, as an officer of the Court, represented that he has incurred additional expenses in the form of increases to rent, salaries, and health insurance premiums as a result of inflation. This representation is consistent with the increase in Just's attorney's rates, which have risen from $180 per hour for non-contingency cases in 1996 to $275 per hour today (a 53% increase). Therefore, Just is entitled to a cost of living adjustment to the EAJA's maximum hourly rate.

Although Just is entitled to a cost of living enhancement, the Court expresses concern with Just's proposed hourly rate of $182.50. In suggesting this rate, Just relies largely on the Consumer Price Index ("CPI"), which is one acceptable method of showing inflation. *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *McCristal v. Astrue*, 2012 WL 698365, at *7 (N.D. Ill. Mar. 1, 2012). In her reply brief, Just maintains that her hourly rate is based on the CPI for May 2011. However, Just has not asserted that this was the month during which most of the work was completed. Moreover, even assuming that the CPI for May 2011 is the appropriate figure, the hourly rate would only be $176, not $182.50. Just has thus failed to sufficiently explain how she incorporated the CPI into her calculations.

The Court's concern regarding Just's lack of a methodological basis for her proposed rate is exacerbated by a brief examination of fee requests filed by Just's attorney in unrelated cases. For example, less than one month before filing the instant action, Just's attorney represented the prevailing party in a judicial review of the Commissioner's denial of benefits. *See Seabron v. Astrue*, 2012 WL 1985681 (N.D.Ill. 2012). Just's attorney in that case requested $176.25 per hour in attorney's fees, relying on the same evidence that he submits here. *Id.* at *3. Just's attorney has filed other fee requests for services performed in 2011 that similarly vary. *See Martinez*

*v. Astrue*, 2012 WL 1563907, at *2 (N.D. Ind. Apr. 30, 2012) (requesting $173.75 per hour); *Oatis v. Astrue*, 2012 WL 965104, at * 1 (N.D. Ill. Mar. 20, 2012) (requesting $170 per hour). Although the degree of variance is relatively small, it calls into question the method and accuracy that Just used to come to her proposed rate. Therefore, the Court declines to grant Just attorney's fees at the hourly rate of $182.50.

  The Court's own calculation suggests that from March 1996 (the effective date of the EAJA ceiling) until 2011, when most of the work was completed in this case, the CPI reflects a 40% increase in the cost of living. This is consistent with Just's attorney's representation in his opening brief, where he states that he is only seeking a 40% increase in the EAJA hourly rate. A corresponding 40% increase in the EAJA ceiling rate of $125 per hour yields a billable rate of $175 per hour, which is permissible under the statute. Accordingly, we award Just attorney's fees in the amount of $10,080.00 (57.6 hours at $175.00 per hour), $152.00 in legal assistant's fees, and $30.63 in costs, totaling $10,262.63.

  As a final matter, any payments tendered pursuant to this Order are to be made payable to Just's attorney. Generally, EAJA fee awards are to be paid to the party rather than to the party's lawyer. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010). However, when a plaintiff has assigned her right to a fee award to her attorney, the award should be payable to the attorney, subject to any debt that the claimant may owe the government. *Mathews-Sheets*, 653 F.3d at 565 (citing *Ratliff*, 130 S.Ct. at 2529). Just assigned her right to any fee award to her attorney, and Just's attorney is therefore entitled to the award, less any outstanding debts that Just owes to the government.

  For the foregoing reasons, the Court grants Just's motion for attorney's fees and costs pursuant to the EAJA in the amount of $10,262.63. This amount, after any applicable offset, is to be made payable to Just's counsel.

Date: July 9, 2012

CHARLES P. KOCORAS
U.S. District Judge